Michael COLLINS, Plaintiff—
Appellant,

v.

William HENDERSON, Postmaster
General, et al., Defendants—
Appellees.

No. 00–16661.

D.C. No. CV–98–04428–WHO.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 4, 2001.*

Decided Dec. 14, 2001.

Before HUG, D. NELSON, and
HAWKINS, Circuit Judges.

MEMORANDUM**

Michael Collins appeals the district court's summary judgment in favor of Postmaster General William Henderson and the United States Postal Service (collectively, "USPS"). Collins brought employment discrimination claims under the Rehabilitation Act (RA), 29 U.S.C. §§ 791 *et seq.*, the Family Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.*, and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* We affirm.

Because the parties are familiar with the factual and procedural background, we recite the facts only as relevant to the following analysis. The district court held both that Collins failed to identify any genuine issues of material fact for trial and that Collins had not, as a matter of law, identified any adverse employment action necessary to support his causes of action under the RA and ADEA.

We review Collins's three oppositions, his affidavit, and his Statement of Disputed Facts *de novo* and in the light most favorable to Collins. *See Clicks Billiards Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1257 (9th Cir.2001). Doing so discloses no evidence sufficient to survive summary judgment. We additionally reject Collins's charge that the district court erred in prohibiting him from submitting additional evidence along with his third opposition brief. The district court was within its discretion when it refused to consider anything further after Collins submitted two inadequate oppositions.

Because we agree with the district court that no genuine issue of material fact exists, we AFFIRM.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.